IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TAVARES DOUGLAS HARRIS, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:21-CV-236-TES-CHW |
| VS. | : | |
| | : | |
| GEORGE BALL, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

**ORDER**

*Pro se* Plaintiff Tavares Douglas Harris, a prisoner at Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. He then filed an amended complaint.[1] ECF No. 4. Plaintiff also filed a "Petition for Order". ECF No. 3. For the reasons set forth below, Plaintiff is **ORDERED** to recast his complaint and it is **RECOMMENDED** that Plaintiff's "Petition for Order" be **DENIED**.

**INITIAL REVIEW OF COMPLAINT**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." The Court's initial review reveals that Plaintiff must submit an amended complaint. The Court finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a

---

[1] The Amended Complaint is the operative pleading in this case. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).

demand for judgment for the relief the pleader seeks."

Because Plaintiff is proceeding pro se, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments, and all amended complaints. Plaintiff must include all related claims that he seeks to raise in this recast complaint.

Plaintiff has filed an amended complaint in which he states there are eight defendants, but he does not specifically name all eight of these defendants. ECF No. 4 at 4. He lists only George Ball and Willie Gaines as Defendants. *Id*. at 1 and 4. As for any others, Plaintiff states that he "will make known through discovery (WMK) names of other defendants". *Id*. at 1. Moreover, Plaintiff's complaint is a rambling exposition containing allegations about the named and unnamed Defendants in which it is difficult to ascertain what, if any, claim he is trying to attribute to any individual. Thus, it is a shotgun pleading. The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). Plaintiff's original complaint is a shotgun pleading because it asserts seemingly unrelated claims against numerous defendants (many unnamed) without specifying which of the defendants are

responsible for which acts or omissions or which of the defendants each claim is brought against. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010).

Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). Moreover, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

Plaintiff is now required to submit another amended complaint. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Fictitious party pleading, *i.e.*, bringing claims against unnamed or "WMK" defendants, is generally only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Plaintiff cannot

expect that his claim will pass frivolity review and proceed to Discovery where he can go on a fishing expedition for defendants. Thus, Plaintiff must make every effort to inform the Court of the names of the officers involved in his claim or to provide sufficient description to allow these officers to be identified. If he fails to do so, the unnamed Defendants will be dismissed from the action during frivolity review.

Plaintiff may not join unrelated claims and defendants in a single action. Plaintiffs may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff is not to include any exhibits or attachments. The complaint must be no longer than ten (10) pages.

## PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff filed a "Petition for Order". ECF No. 3. Plaintiff states the "… Georgia Department of Corrections is suffering from a great deal of staffing shortages." *Id*. He then argues that these staffing shortages "may disadvantage [him] as through said GDC failing to deliver legal correspondences 'timely'." *Id*. He thus requests that this Court issue "an order for [his] housing institution to appoint a mail personnel staff member and an order for institution to provide 3 copies to [him] every incoming case correspondence to notify court and defendants of my receipts thereof from either." *Id*. Plaintiff's petition is construed as a request for preliminary injunctive relief.

A preliminary injunction is appropriate only if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the

injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites.'" *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F2d. 1535, 1537 (11th Cir. 1989) (citations omitted).

Considering Plaintiff's motion in light of these requirements, this Court finds that Plaintiff has not met the demanding showing required for the issuance of a preliminary injunction. Within the context of a preliminary injunction, "'prison officials' exercises of discretion should generally be respected, as federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. (citations omitted)" *Jernard v. Owens*, No. 4:11-CV-17-CDL-MSH, 2011 WL 3207754, at *1 (M.D. Ga. Apr. 18, 2011), *report and recommendation adopted*, No. 4:11-CVB17 CDL, 2011 WL 3204538 (M.D. Ga. July 27, 2011), *aff'd sub nom. Jernard v. Comm'r, Georgia Dept of Corr.*, 457 F. App'x 837 (11th Cir. 2012). It is therefore **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district

judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## CONCLUSION

Plaintiff is **ORDERED** to file an amended complaint within fourteen (14) days from the date shown on this Order. Plaintiff is cautioned that failure to file the amended complaint on time or failure to follow these instructions will result in dismissal of his complaint. Fed. R Civ. P. 41(b). It is **DIRECTED** that the Clerk of Court forward to Plaintiff a § 1983 form (with the civil action number on it) along with a copy of this Order.  It is further **RECOMMENDED** that Plaintiff's "Petition for Order" be **DENIED**.

So **ORDERED and RECOMMENDED**, this 6th day of August, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge